IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JANIE LIVINGSTON and
TERESSA BARNES                                                                    PLAINTIFFS

V.                                        5:19CV00044 JM

THE PROGRESSIVE ELDERCARE
SERVICE—CLEVELAND, INC., d/b/a
THE GREENHOUSE COTTAGES OF
SOUTHERN HILLS                                                                    DEFENDANT

# ORDER

Defendant Progressive Eldercare Service-Cleveland, Inc., d/b/a The Greenhouse Cottages of Southern Hills ("Southern Hills") has filed a Motion to Compel Arbitration and to Dismiss or Stay Litigation Pending Arbitration. Plaintiffs have responded to the motion and the Defendant has replied.

Defendant Southern Hills, a long-term care nursing facility, hired Plaintiffs Janie Livingston and Teressa Barnes as Registered Nurses at the Rison, Arkansas long-term care facility in 2016. Both ladies were quickly promoted. Livingston became the Director of Nursing and Barnes was promoted to position of Assistant Director of Nursing. Both ladies were terminated for failure to perform their job duties on June 12, 2016. Plaintiffs filed suit against Southern Hills alleging that they were terminated based upon their race, in violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act.

It is undisputed that when the Plaintiffs were hired they signed an acknowledgement stating that they had read Southern Hills' Agreement to Arbitrate Disputes and agreed to be bound by the Agreement. (ECF No. 4-1, 4-2). Southern Hills claims that Plaintiffs' race discrimination claims are subject to the Arbitration Agreement and asks the Court to dismiss or

stay the case and order the Plaintiffs to participate in arbitration. Plaintiffs argue that the arbitration agreements are not valid or enforceable because a representative of Southern Hills failed to sign the Agreement and because the Federal Arbitration Act ("FAA") does not apply the Agreement.

"Whether a valid arbitration agreement has been entered into is a question of law, controlled by the applicable state contract law. Arkansas law provides that the essential elements of a contract are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations." *Northport Health Servs. of Arkansas, LLC v. Posey*, No. 2:17-CV-02128, 2018 WL 3014808, at *2 (W.D. Ark. June 15, 2018) (citing *Davidson v. Cingular Wireless LLC*, 2007 WL 896349 at *2 (E.D. Ark. Mar. 23, 2007)). Plaintiffs argue that the Arbitration Agreement is not valid under Arkansas law because a representative of Southern Hills did not sign it and, therefore, it lacks mutual agreement. Southern Hills acknowledges that its representative did not sign the Agreement but contends that a signature is not necessary if there was a clear manifestation of consent. *Northport Health Servs., et al v. Mark Posey*, 2018 WL 3014808 (E.D. Ark. 2018). The Court agrees. The Arbitration Agreement was offered in conjunction with an offer of employment to the Plaintiffs. Southern Hills clearly acquiesced to the terms of the employment offer, including the Arbitration Agreement. The nature of the employment offer in this case demonstrates that Southern Hills manifested consent to the Agreement. A representative of Southern Hills was not required to sign the Arbitration Agreement. The Court finds the Arbitration Agreement to be valid.

Plaintiffs make the claim that the FAA does not apply to the Arbitration Agreement because their employment as healthcare providers did not involve interstate commerce. This argument is without merit. *See Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832 (8th Cir. 1997)

(arbitration agreement in employment contract between medical technologist and hospital not excluded from coverage under the FAA).

The Eighth Circuit has outlined the Court's role in determining whether to compel arbitration: "We must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement. Once we conclude that the parties have reached such an agreement, the FAA compels judicial enforcement of the arbitration agreement." *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001) (internal citations omitted). After review of the Arbitration Agreement, the Court finds that the current dispute falls under the coverage of the parties' Agreement. The FAA compels enforcement of the Agreement.

The parties are directed to submit this case to arbitration in accordance with the terms of the Agreement and this case is stayed pending resolution of the arbitration. Defendant's Motion to Compel Arbitration (ECF No. 4) is GRANTED. If this case remains stayed, the parties are also directed to file a status report on or before by July 15, 2019 and every thirty (30) days thereafter.

IT IS SO ORDERED this 15th day of April, 2019.

James M. Moody Jr.
United States District Judge