IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JANIE LIVINGSTON and**                                   **PLAINTIFFS**
**TERESSA BARNES**

**v.**                **Case No. 5:19-cv-00044-LPR**

**THE PROGRESSIVE ELDERCARE**
**SERVICES-CLEVELAND, INC. d/b/a**
**THE GREENHOUSE COTTAGES OF**
**SOUTHERN HILLS**                                                    **DEFENDANT**

## CONSOLIDATED ORDER

The primary motion before the Court is Defendant's March 1, 2021 Status Report, Notice of Arbitration Decision and Motion for Dismissal with Prejudice.[1] There are, however, several other pending motions that can be characterized as arising from or related to this primary motion. Today's Order disposes of all such motions.

1. Plaintiffs Janie Livingston and Teressa Barnes commenced this lawsuit on December 5, 2018 by filing a Complaint in the Circuit Court of Jefferson County, Arkansas.[2] Defendant timely removed the action to the United States District Court for the Eastern District of Arkansas[3] and sought to compel enforcement of an Agreement to Arbitrate Disputes.[4]

2. On April 15, 2019, the Court found that Plaintiffs' claims were subject to a valid and binding Arbitration Agreement signed by the Parties and therefore granted Defendant's Motion to Compel Enforcement of the Arbitration Agreement.[5] The Court directed the Parties to

---

[1] Def.'s Status Report, Notice of Arbitration Decision, and Mot. for Dismissal with Prejudice (Doc. 37).

[2] Pls.' Compl. (Doc. 2).

[3] Def.'s Notice of Removal (Doc. 1).

[4] Def.'s Mot. to Compel Arbitration and to Dismiss or Stay Litigation Pending Arbitration (Doc. 4).

[5] Order (Doc. 14).

submit Plaintiffs' claims to arbitration in accordance with the Arbitration Agreement.[6] The Court stayed this action filed in the United States District Court for the Eastern District of Arkansas pending resolution of the arbitration.[7]

3. The Parties agreed to an arbitrator, executed an Arbitration Agreement, and moved forward with arbitration under the authority of the arbitrator.[8] On January 25, 2021, the Arbitrator granted Defendant's Motion for Summary Judgment on all causes of action alleged by Plaintiffs and dismissed the action with prejudice.[9]

4. On March 1, 2021, Defendant filed a Status Report, Notice of Arbitration Decision, and Motion for Dismissal with Prejudice.[10] Defendant asked the Court to confirm the arbitration award and dismiss the case with prejudice.[11] On March 15, 2021, Plaintiffs filed an unopposed Motion for an Extension of Time to Respond to the Defendant's Status Report, Notice of Arbitration Decision, and Motion for Dismissal with Prejudice.[12] The Court granted the request, which moved the deadline to March 22, 2021.[13]

5. Plaintiffs did not file a timely Response. Instead, on March 22, 2021, Plaintiffs' counsel notified the Court via e-mail that "[t]he plaintiffs will not file an objection to the arbitration award or a motion to vacate the award."[14]

---

[6] *Id.*

[7] *Id.* This was before I was appointed to the bench. On November 15, 2019, this case was transferred to my docket. Notice of Reassignment (Doc. 21).

[8] Joint Status Report (Doc. 25).

[9] Ex. 2 (Order) to Def.'s Status Report, Notice of Arbitration Decision, and Mot. for Dismissal with Prejudice (Doc. 37).

[10] Def.'s Status Report, Notice of Arbitration Decision, and Mot. for Dismissal with Prejudice (Doc. 37).

[11] *Id.* at 2.

[12] Pls.' Mot. to Extend Time (Doc. 38).

[13] Order (Doc. 39).

[14] Ex. 1.

6. On May 3, 2021, the Court requested via e-mail that Defendant submit a proposed order of dismissal for the Court's consideration.[15] Later that day, Plaintiffs filed a Motion for Leave to File Response Out of Time.[16] This Motion explained that "[a]fter considerable deliberation over time, Plaintiffs now want to file an objection to the confirmation of the arbitration award and the motion to dismiss."[17] The Motion also noted that "Plaintiffs' counsel intends [to] file a motion to withdraw as counsel either before or after the Court rules on this motion with the Plaintiffs prepared to file a response *pro se*, if necessary."[18]

7. On May 4, 2021, Defendant filed a Response to the Motion for Leave.[19]

8. On May 6, 2021, Plaintiffs (not Plaintiffs' counsel) submitted two *pro se* filings. The first one was short, stating primarily that (1) "Plaintiffs Attorney Shawn Childs some time ago informed the Plaintiffs that he was going to return their file and was withdrawing himself from their [c]ase," and (2) "Attorney Childs abrupt decision had Plaintiffs floored and left them without proper representation."[20] In this short filing, Plaintiffs asked "the Court to halt decisions regarding this matter until the Court is made aware of all circumstances surrounding the case."[21]

9. The second filing was longer. It was styled "Plaintiffs' Status Report, Objection to Confirmation of Arbitrator's Motion to Dismiss; Motion for Leave to File Response Out of Time."[22] The proffered filing outlines concerns Plaintiffs had with the arbitration process, with

---

[15] Ex. 2.

[16] Pls.' Mot. for Leave to File Resp. Out of Time (Doc. 40).

[17] *Id.* at 1.

[18] *Id.* at 2.

[19] Def.'s Resp. to Mot. for Leave to File Resp. Out of Time (Doc. 41).

[20] Pls.' Notice of *Pro Se* Representation and Mot. for Stay of Proceedings (Doc. 42) at 1.

[21] *Id.* at 2.

[22] Pls.' Status Report, Obj. to Confirmation of Arbitrator's Order of Dismissal, and Mot. for Leave to File Resp. Out of Time (Doc. 43).

3

the performance of their most-recent attorney Mr. Childs during the arbitration process, and with conduct they attribute to Mr. Childs relating to the post-arbitration proceedings in this Court.[23] As to the last issue, the *pro se* filing says:

> During an in-person meeting with Attorney Childs following the Arbitrator's decision to grant the Defendant[] Summary Judgment, several points to argue were discussed with the understanding that Attorney Childs would look into those points further. Attorney Childs notified Plaintiffs on March 12, 2021 via email that the Defendant had filed a Motion to Confirm the Arbitration and Motion to Dismiss. [He] [s]tat[ed] that the deadline to file a response was March 15, 2021 and if Plaintiffs wanted him to file a [r]esponse to let him know as soon as possible. [On] March 13, 2021 the Plaintiffs advised Attorney Childs that they would like for him to file a [r]esponse. Attorney Childs advised Plaintiffs via an email on March 15, 2021 that [t]he Court granted his request for an extension until March 22, 2021 to file that objection.
>
> [On] March 22, 2021 at 2 o'clock pm Attorney Childs notified Plaintiffs while they were at work and unable to spend a lot of time on the telephone or ask too many questions that he would not submit a response to the Defendant's Motion to Confirm the Arbitration. The Plaintiffs were completely floored.
>
> The Plaintiffs' suspicions were finally confirmed after they reached out to Attorney Childs concerning their case and was advised that he was no longer with the Walker Law Firm and that the Firm had closed[, w]hich the Plaintiffs had not been made aware of previously. In an email shortly after advising Plaintiffs of the above, Attorney Childs informed Plaintiffs that, "[e]ven though our contract did not provide for representation on an appeal of the arbitrator's decision, I decided to take the time to meet with you. . . . I also can arrange for your filed to be returned to you." The Plaintiffs requested that their complete file be returned to them.[24]

10. On May 10, 2021, Plaintiffs' counsel Mr. Childs filed a Motion for Leave to Withdraw as Counsel.[25] Mr. Childs says that "[o]n May 6, 2021, Plaintiffs made two filings with the Court acting *pro se* and effectively discharging Childs as counsel."[26]

---

[23] *Id.*

[24] *Id.* at 5-6.

[25] Att'y Shawn G. Childs' Mot. for Leave to Withdraw as Counsel (Doc. 44).

[26] *Id.* at 1.

11. **The Court denies the various outstanding requests for leave to file out of time a response to the Motion to confirm the arbitration award and to dismiss the case with prejudice.**[27] The Court ordered that any such Response be filed by March 22, 2021.[28] According to Plaintiffs' recent *pro se* filings, Plaintiffs were aware of the deadline, and they were aware that their attorney was not going to file a response. They claim that their attorney's decision to not file a response was directly contrary to their directions. Even assuming the veracity of Plaintiffs' assertion, they did not take any action to inform the Court of their desire to respond. Over 40 days passed. It was only after the Court requested from Defendant a proposed order granting the motion to confirm arbitration and dismiss the case that Plaintiffs raised their desire to respond with the Court.

12. Federal Rule of Civil Procedure 6 allows the Court, "for good cause," to accept an out-of-time filing "if the party failed to act because of excusable neglect." The Eighth Circuit has held that "[t]he primary measure of good cause is the movant's diligence in attempting to meet deadlines."[29] I do not believe Plaintiffs meet the standard to justify an out-of-time filing. On March 22, 2021, which they knew was the deadline for filing a response, they learned their attorney was not going to file a response. Plaintiffs could have informed the Court on that day—or at any time after—of their desire to respond. Their failure to do so for well over a month constitutes a lack of diligence. This lack of diligence after discovery of the problem is fatal to their request for leave to file an out-of-time response.

---

[27] Pls.' Mot. for Leave to File Resp. Out of Time (Doc. 40); Pls.' Notice of *Pro Se* Representation and Mot. for Stay of Proceedings (Doc. 42).

[28] Order (Doc. 39).

[29] *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (cleaned up).

13. In one of their May 6, 2021 *pro se* filings, Plaintiffs "apologize to the Court for not being attorneys and not being familiar with the legal jargon and the ends and outs about how and/or when to submit or file information."[30] Plaintiffs say they "would have taken more time to research the subject matter[, b]ut currently feel[] that this information needs to be presented to the Court immediately."[31] There is no reason Plaintiffs could not have made similar filings shortly after March 22, 2021. There is certainly no reason they could not have made a brief one-or-two-sentence filing to inform the Court of the problem. Their over 40-day failure to put the Court on any kind of notice that they wanted to file a response militates against finding excusable neglect and good cause.[32]

14. Plaintiffs have made clear their desire to immediately part ways with Mr. Childs.[33] **The Court thus grants Mr. Childs' Motion to Withdraw as Counsel**, contingent on the following: (1) Mr. Childs must provide a copy of the entire case file to Plaintiffs immediately; and (2) Mr. Childs must, within 3 days of the date this Order, explain in writing to Plaintiffs their

---

[30] Pls.' Status Report, Obj. to Confirmation of Arbitrator's Order of Dismissal, and Mot. for Leave to File Resp. Out of Time (Doc. 43) at 7.

[31] *Id.*

[32] It is worth noting that the Arbitrator's decision was made in January of 2021, and Plaintiffs admit that "following the Arbitrator's decision," they had an in-person meeting with their Attorney to discuss the decision. *Id.* at 5. Accordingly, it appears that Plaintiffs failed to serve "[n]otice of a motion to vacate, modify, or correct an award . . . within three months" of the award being filed or delivered. The failure to meet this time limit, set forth in 9 U.S.C. § 12, essentially requires confirmation of the arbitration decision by this Court. *See Domino Grp., Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 420 (8th Cir. 1993) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) ("Absent a timely motion to vacate, in most cases 'the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court.'"). The Eighth Circuit has repeatedly questioned whether there is a due diligence (or other equitable tolling) exception to the § 12 time limitation. *See Domino Grp., Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 420 n.1 (8th Cir. 1993); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 601 (8th Cir. 1981). It has not decided the issue. The § 12 text says nothing to suggest such exceptions can be created or should be applied by judicial fiat. In any event, I've already concluded that Plaintiffs were not diligent, and no other equitable tolling would seem to apply. *See supra* at 5-6. Accordingly, any response in opposition to Defendant's confirmation Motion would very likely be futile.

[33] *See* Pls.' Status Report, Obj. to Confirmation of Arbitrator's Order of Dismissal, and Mot. for Leave to File Resp. Out of Time (Doc. 43) at 8-9 ("The Plaintiffs will ask the Court and the Defendant's Attorney to no longer present any parts of this case or any correspondents about this case to Attorney Shawn Childs or any member or former member of the Walker Law Firm without permission from the Plaintiffs. . . . Plaintiffs pray that the Court . . . give them the [o]pportunity to represent themselves or seek proper counsel.").

options with respect to Federal Rules of Civil Procedure 59 and 60 as well as their options regarding a potential appeal. This written explanation must include, but should not be limited to, a discussion of the respective time limits that apply to each option.

15. The Court has carefully reviewed Defendant's confirmation and dismissal Motion. **For good cause shown, the Court hereby confirms the Arbitrator's decision in favor of Defendant and dismisses the present action with prejudice**. A corresponding Judgment will be filed.[34]

IT IS SO ORDERED this 28th day of May 2021.

*(signature)*
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[34] Even if the Court were to consider the various untimely responses submitted by Plaintiffs, and even putting aside the § 12 time limit discussed *supra* in footnote 32, nothing in the various responses would alter the Court's decision to confirm the arbitration decision and dismiss the present action. *See* 9 U.S.C. §§ 10-11.

Exhibit 1

**From:** schilds@gabrielmail.com <schilds@gabrielmail.com>
**Sent:** Monday, March 22, 2021 2:27 PM
**To:** Heather Lyvers-Clark <Heather_Clark@ared.uscourts.gov>
**Cc:** kkobbeman@cwlaw.com
**Subject:** Case No. 5:19-cv-00044-LPR Livinston, et al. v. Progressive Eldercare Service--Cleveland, Inc. (Objection to Confirmation)

**CAUTION - EXTERNAL:**

Good Afternoon,

The plaintiffs will not file an objection to the arbitration award or a motion to vacate the award.

Shawn G. Childs
John W. Walker, P.A.
1723 S. Broadway
Little Rock, AR 72206
(501) 374-3758
(501) 374-4187 (fax)

The information contained in this electronic message includes confidential information protected by the attorney-client privilege, the attorney work product privilege, or other private information, and is intended solely for the addressee(s) hereof and privileges are not waived by transmission of this message and receipt by unintended persons. Receipt of electronic mail or reply to electronic mail does not establish an attorney-client relationship between sender and recipient where one does not already exist.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Exhibit 2

From: Heather Lyvers-Clark
Sent: Monday, May 3, 2021 8:41 AM
To: schilds@gabrielmail.com; kkobbeman@cwlaw.com; johnwalkeratty@aol.com
Subject: RE: Case No. 5:19-cv-00044-LPR Livinston, et al. v. Progressive Eldercare Service--Cleveland, Inc. (Objection to Confirmation)

Good Morning,

The Court requests the Defendant provide a proposed order and judgment on the arbitration decision.

Thanks,
Heather



From: schilds@gabrielmail.com <schilds@gabrielmail.com>
Sent: Monday, March 22, 2021 2:27 PM
To: Heather Lyvers-Clark <Heather_Clark@ared.uscourts.gov>
Cc: kkobbeman@cwlaw.com
Subject: Case No. 5:19-cv-00044-LPR Livinston, et al. v. Progressive Eldercare Service--Cleveland, Inc. (Objection to Confirmation)

**CAUTION - EXTERNAL:**

Good Afternoon,

The plaintiffs will not file an objection to the arbitration award or a motion to vacate the award.

Shawn G. Childs
John W. Walker, P.A.
1723 S. Broadway
Little Rock, AR 72206
(501) 374-3758
(501) 374-4187 (fax)
The information contained in this electronic message includes confidential information protected by the attorney-client privilege, the attorney work product privilege, or other private information, and is intended solely for the addressee(s) hereof and privileges are not waived by transmission of this message and receipt by unintended persons. Receipt of electronic mail or reply to electronic mail does not establish an attorney-client relationship between sender and recipient where one does not already exist.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.